**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-5214**

───────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

      v.

ARLINGTON ASHLEY, a/k/a Arlington Efrain Ashley,

           Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Raymond A. Jackson,
District Judge.  (4:10-cr-00088-RAJ-TEM-1)

───────────

Submitted:  June 15, 2012            Decided:  July 20, 2012

───────────

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mark Diamond, Richmond, Virginia, for Appellant.   Neil H.
MacBride, United States Attorney, Alexandria, Virginia; Michelle
Sudano, Second Year Law Student, WILLIAM & MARY SCHOOL OF LAW,
Williamsburg, Virginia; Eric M. Hurt, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News,
Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arlington Ashley (Ashley) appeals the district court's judgment following his convictions and sentence on one count of possession with the intent to distribute more than 500 grams of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii); one count of importing more than 500 grams of cocaine from Panama, id. § 952; and one count of escape from custody, 18 U.S.C. § 751(a). We affirm.

Ashley first argues the police lacked probable cause to arrest him, and therefore, the district court erred in denying his motion to suppress incriminating statements that he made to the police following his arrest and to suppress cocaine found at the home of a woman named Tara Upshaw (Upshaw), where Ashley was arrested. We review the factual findings underlying the district court's denial of Ashley's motion to suppress the evidence at issue for clear error and its legal conclusions de novo. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

Ashley was arrested without a warrant. Of relevance here, the Fourth Amendment to the United States Constitution, U.S. Const. amend. IV, permits a police officer to arrest a suspect without a warrant if such police officer has probable cause to believe the suspect has committed a crime, United States v. Williams, 10 F.3d 1070, 1073 (4th Cir. 1993). An officer has

- 2 -

probable cause to believe a suspect has committed a crime if the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, in the circumstances shown, to conclude that the suspect has committed an offense. Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether the arresting officer himself had probable cause to arrest the defendant is determined by the "totality of the circumstances," Maryland v. Pringle, 540 U.S. 366, 371 (2003), either known personally to the arresting officer, communicated to him by one or more of his fellow officers, or a combination of both, United States v. Massenburg, 654 F.3d 480, 491-96 (4th Cir. 2011). Our review of the record discloses that the arresting officer had probable cause to believe that Ashley had committed two crimes, namely, possession of cocaine with the intent to distribute and the importation of cocaine from Panama, and therefore, his arrest without a warrant did not violate the Fourth Amendment.

Second, Ashley contends the district court erred in denying his Rule 29 motion for judgment of acquittal. Fed. R. Crim. P. 29. According to Ashley, he was entitled to judgment of acquittal because the government failed to produce sufficient evidence for a reasonable jury to find beyond a reasonable doubt that he possessed with the intent to distribute and imported the cocaine admitted into evidence at his trial. We review the district court's denial of Ashley's Rule 29 motion de novo.

United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). "We review the sufficiency of the evidence to support a conviction by determining whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." Id. (internal quotation marks omitted). Furthermore, "[i]n evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). After reviewing the evidence adduced at trial with respect to whether Ashley possessed with the intent to distribute and imported the cocaine admitted into evidence at his trial, we conclude that the district court did not err in denying Ashley's motion for judgment of acquittal.

Third, Ashley contends the district court deprived him of his Sixth Amendment right to counsel during his sentencing proceedings when it granted his motion to dismiss his court appointed counsel and to proceed pro se during his sentencing proceedings. Although the Sixth Amendment guarantees the right to assistance of counsel at every critical stage of a criminal prosecution, a defendant may waive the right and elect to proceed pro se "if the waiver is knowing, intelligent, and voluntary." United States v. Singleton, 107 F.3d 1091, 1095

- 4 -

(4th Cir. 1997).  Whether Ashley effectively waived his right to counsel during his sentencing proceedings is a question of law, which we review de novo, based upon our examination of the record as a whole.  Id. at 1097 n.3.  Our review of the record in this case demonstrates that Ashley knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel during his sentencing proceedings and elected to proceed pro se. Thus, the district court did not err in granting his motion to dismiss his court appointed counsel and to proceed pro se during his sentencing proceedings.

Finally, Ashley contends the district court procedurally erred when it refused to permit him to orally object for the first time to facts stated in his presentence report at his sentencing hearing.  Ashley's contention is without merit. Although the district court informed Ashley of the requirement that he make timely written objections to his presentence report prior to his sentencing hearing, Fed. R. Crim. P. 32(f), Ashley failed to do so and failed to show good cause for making the untimely oral objections that he did make to the presentence report at his sentencing hearing.  Therefore, the district court did not err when it refused to permit Ashley to orally object, for the first time at his sentencing hearing, to facts stated in the presentence report.

For the reasons stated, we affirm the judgment below in toto. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED